IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ANDREO SALGADO-MARIN,                              PETITIONER

v.                                                              No. 1:11CR30-SA-DAS

UNITED STATES OF AMERICA                          RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the motion of Andreo Salgado-Marin to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The government has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the instant motion to vacate, set aside, or correct sentence will be denied.

**Section 2255 Proceedings**

Section 28 U.S.C. § 2255 permits an inmate serving a sentence after conviction of a federal crime "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of *habeas corpus*, *see* 28 U.S.C. §§ 2241, 2254, there are only four bases on which a § 2255 motion may rest: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Thus, a prisoner must claim either a constitutional violation or want of subject matter jurisdiction to invoke 28 U.S.C. § 2255. In the absence of constitutional or jurisdictional defects, a federal prisoner may invoke § 2255 only if the error constitutes "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a § 2255 motion, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section

2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then require the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings,* Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the court must decide whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings,* Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, the court need not hold an evidentiary hearing if the prisoner fails to produce "independent indicia of the likely merit of [his] allegations." *United States v. Edwards,* 442 F.3d 258, 264 (5th Cir.2006) (quoting *United States v. Cervantes,* 132 F.3d 1106, 1110 (5th Cir. 1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. *See Wright v. United States,* 624 F.2d 557, 558 (5th Cir.1980). For certain structural errors, relief follows automatically once the error is proved. *See Burgess v. Dretke,* 350 F.3d 461, 472 (5th Cir. 2003). For other errors at the trial court level, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson,* 507 U.S. 619, 637 (1993); *see also United States v. Chavez,* 193 F.3d 375, 379 (5th Cir.1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**Facts and Procedural Posture**

On April 13, 2011, petitioner Andreo Salgado-Marin pled guilty to re-entry of an illegal alien following previous deportation in violation of 8 U.S.S. § 1326(a). On September 28, 2011, Salgado-Marin was sentenced to 57 months in prison. He appealed his conviction to the Fifth Circuit Court of Appeals, which affirmed the judgment on July 16, 2012. Salgado-Marin timely filed the present motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on July 5, 2013.

In preparing the Presentence Investigation Report in this case, the United States Probation Service followed § 2L1.2 of the United States Sentencing Guidelines. The petitioner received a base offense level of 8, with an additional 16 levels under § 2L1.2(b)(1)(A)(ii), which states that the base offense level must be increased by 16 levels if the defendant was previously deported following a felony conviction for a crime of violence. Salgado-Marin received a 3-level reduction for acceptance of responsibility, leaving a total offense level of 21, and a criminal history category of IV and resulting in a guideline range of 57-71 months. The court sentenced him to the low end of the applicable guideline range. He appealed his sentence, arguing that it was unreasonably harsh, and the Fifth Circuit affirmed. In the instant § 2255 motion, Salgado-Marin argues that his appointed counsel provided ineffective legal assistance during sentencing – and on appeal – by failing to object to the 16-level enhancement under § 2L1.2(b)(1)(A) of the United States Sentencing Guidelines. For the reasons set forth below, the instant Motion to Vacate, Set Aside, or Correct Sentence will be denied.

**Discussion**

Mr. Salgado-Marin contends that the Probation Service miscalculated the total offense level in this case. He does not challenge the Probation Service's use of § 2L1.2 to calculate the offense level, the base offense level of 8, that he was previously deported following a felony conviction for a crime of violence, or the determination of his criminal history level to be IV. His sole argument is that the additional

levels added under § 2L1.2(b)(1)(A) were miscalculated – which rendered an erroneously high guideline range. The Sentencing Guideline Manual in effect at the time of the petitioner's sentence in September 2011 states that the base offense level should be increased by 16 if the defendant was previously deported following a conviction for a felony crime of violence.[1] That section was amended in the next manual issued in November 2011 such that the base offense level would be increased by 16 levels if the previous felony conviction received criminal history points, but only increased by 12 levels if the conviction did not receive criminal history points. As the petitioner's previous conviction did not receive any criminal history points in the PSR (because it was too remote in time), the petitioner, applying the incorrect version of the guideline manual, argues that his total offense level should be reduced by 4 points, leading to a guideline range of 37-46 months.

Unfortunately for Mr. Salgado-Marin, the language in § 2L1.2(b)(1)(A) upon which he relies did not exist when the Presentence Investigation Report was drafted and he was sentenced. He has supplied no authority for the proposition that the new language should be applied retroactively, and the court knows of none. As such, Mr. Salgado-Marin's total offense level was calculated properly at the time of sentencing and fell within the appropriate guideline range. Salgado-Marin's counsel thus provided effective assistance in deciding not to raise the issue during sentencing or on appeal. Attorneys are not required by the Sixth Amendment to file meritless motions. *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir.1995); *Koch v. Puckett,* 907 F.2d 524, 527 (5th Cir.1990). *See Clark v. Collins*, 19 F. 3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering, it is the very opposite.") Mr. Salgado-Marin's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence should therefore be denied.

---

[1] The two portions of the Guidelines relevant to this discussion can be found as Exhibits "A" and "B" to the Government's response to the instant motion. Exhibit "A" is the correct version; Exhibit "B" is the inapplicable version.

## Conclusion

In sum, the Movant's counsel provided effective assistance, and the instant motion to vacate, set aside, or correct sentence will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 20th day of September, 2016.

    /s/ Sharion Aycock
U. S. DISTRICT JUDGE